

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J.Rosenstein*       *6625 United States Courthouse*      *410-209-4800*
*United States Attorney*      *101 West Lombard Street*      *TTY/TDD:410-962-4462*
     *Baltimore, Maryland 21201-2692*      *410-209-4881*
     *FAX 410-962-3124*

November 18, 2011

Gregory F. Linsin, Esquire
Jeanne M. Grasso, Esquire
Blank Rome LLP
Watergate 600
New Hampshire Avenue, NW
Washington, DC 20037

     Re:    United States v. Efploia Shipping Co. S.A.    *MJG-11-0652*

Dear Counsel:

     This letter confirms the Plea Agreement between your client, Efploia Shipping Co. S.A. (hereinafter, "Efploia Shipping" or "Defendant"), and the United States Attorney's Office for the District of Maryland and the Environmental Crimes Section of the United States Department of Justice ("the United States" or "the government") in the above-captioned case. The terms of the proposed Plea Agreement, which will be submitted to the Court pursuant to Rule 11(c)(1)(C), are as follows:

     1.      **Waiver of Indictment and Criminal Charges.** Efploia Shipping, having been advised through its representatives of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the government in the Criminal Information filed in the District of Maryland, as set forth below. The pleas of guilty in the District of Maryland are to be entered by Defendant through a senior corporate official acceptable to the government authorized by resolution of the Defendant's Board of Directors to enter pleas of guilty on Defendant's behalf and to appear and represent Defendant at sentencing in the District of Maryland. By entering these guilty pleas, Defendant hereby waives all objections to the form of the charging document, admits that it is in fact guilty of the offenses as set forth in the Criminal Information and that the attached Joint Factual Statement (Attachment 1) dated this same day is an accurate statement of its conduct. Defendant agrees to enter pleas of guilty to the following charges:

Count 1: Obstruction of an Agency Proceeding. Corruptly influencing, obstructing and impeding and endeavoring to influence, obstruct, and impede the due and proper administration of the law under a pending proceeding by the United States Coast Guard and the Department of Homeland Security, in violation of Title 18, United States Code, Section 1505.

Count 2: Act to Prevent Pollution from Ships. Knowingly failing to maintain an accurate Oil Record Book in which all disposals of oil residue and discharges overboard of oily mixtures, slops from bilges and bilge water that accumulated in machinery spaces were fully recorded in violation of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulation, Section 151.25.

Count 3: Act to Prevent Pollution from Ships. Knowingly failing to maintain a Garbage Record Book in which all discharges of garbage, as defined in Annex V of MARPOL 73/78, were accurately recorded, in violation of Title 33, United States Code, Sections 1907(d) and 1908(a) and Title 33, Code of Federal Regulations, Sections 151.55.

Count 4: Material False Statements. Knowingly and willfully making materially false statements within the jurisdiction of a federal agency, in violation of Title 18, United States Code, Section 1001.

2. The Penalties. Defendant understands that the statutory penalties applicable to a corporate Defendant for each felony count of the offenses to which it is entering pleas of guilty are as follows: a maximum fine of either Five Hundred Thousand ($500,000.00) dollars, or twice the gross pecuniary gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c) and (d), a term of probation of five (5) years, pursuant to 18 U.S.C. § 3561(c)(1), and a special assessment of Four Hundred ($400.00) dollars, pursuant to 18 U.S.C. § 3013(a)(2)(B). Defendant understands that, in addition to any other penalty, the Court may order the payment of restitution to any victim of the offenses pursuant to the provisions of Title 18, United States Code, Section 3663. The parties are not aware of information to indicate that there are identifiable persons who are victims to the offenses to which the Defendant has agreed to plead guilty.

3. Applicability of Sentencing Guidelines. Defendant understands and acknowledges that, at sentencing, the Court is required to consider the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of corporate defendants, must be considered by the Court, except that pursuant to USSG §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines which pertain to the sentencing of

organizations do not determine the fine range in cases involving environmental and obstruction crimes, including the making of false statements, and the use of false writings. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571. All other sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case, including provisions for probation and community service.

4. Combined Plea and Sentencing Hearing. In view of the detailed nature of this proposed Plea Agreement, the Joint Factual Statement, and the recommended remedial measures set forth in the Environmental Compliance Plan, and the fact that the Defendant is a foreign corporation without offices in the United States, the Defendant has advised the government that it intends to request that the Court approve of a combined plea and sentencing hearing. The United States has agreed not to oppose the Defendant's request for a combined plea and sentencing hearing.

5. Sentencing Agreement. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and in return for the complete fulfillment by your client of all of its obligations under this Plea Agreement, the government and Defendant agree that the sentence to be imposed by the Court includes a total monetary penalty consisting of One Million Two Hundred Thousand dollars ($1,200,000.00) plus the mandatory special assessments discussed below. The parties agree that the sentence should be imposed as follows:

   a. Criminal Fine: Nine Hundred and Twenty Five Thousand Dollars ($925,000.00) of the total monetary penalty shall be designated as criminal fine, allocated by counts as follows: Counts Two and Three, Four Hundred Sixty Two Thousand Five Hundred Dollars ($462,500.00) per count.

   b. Mandatory Special Assessment: In addition to the fine and pursuant to Title 18, United States Code, Section 3013(a)(2)(B), Defendant shall pay a special assessment of Four Hundred Dollars ($400.00) for each count of conviction. The total amount of the special assessments is One Thousand Six Hundred Dollars ($1,600.00).

   c. Community Service: Two Hundred and Seventy Five Thousand Dollars ($275,000.00) of the total monetary penalty shall be paid as organizational community service pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a). Defendant and the government agree that the organizational community service payment agreed to in this Plea Agreement shall be made on the day of sentencing. The community service payments will be made to the National Fish and Wildlife Foundation. The National Fish and Wildlife Foundation (the "NFWF") is a charitable and nonprofit corporation established pursuant to 16 U.S.C. §§ 3701-3709. Its purposes include the acceptance and administration of "private gifts of property for the benefit of, or in connection with, the activities and services of the United States Fish and Wildlife Service,"

and the performance of "such other activities as will further the conservation and management of the fish, wildlife, and plant resources of the United States, and its territories and possessions for present and future generations of Americans." Id. § 3701(b)(1), (2). The NFWF is empowered to "do any and all acts necessary and proper to carry out" these purposes, including, specifically, solicitation, acceptance, and administration of "any gift, devise or bequest . . . of real or personal property." Id. § 3703(c)(1), (7). The parties agree that the community service funds paid to the NFWF should be divided equally and earmarked for funding proposals from non-profit organizations to improve, restore or study the water quality of Chesapeake Bay or other related aquatic or marine resources in the State of Maryland and to identify illegal and point source pollution. Because the community service payments are designated as community service by an organization, Defendant further agrees that it will not seek any reduction in its tax obligations as a result of these community service payments. In addition, since these payments constitute community service as part of the Defendant's guilty pleas, neither Efploia Shipping nor any related entity or agent will characterize, publicize or refer to these community service payments as voluntary donations or contributions.

d. Payments: Defendant further agrees that if the terms of this Rule 11(c)(1)(C) Plea Agreement are accepted by the Court, the special assessments and community service payment of Two Hundred and Seventy Five Thousand Dollars ($275,000.00) shall be paid on the day of sentencing. The criminal fine of Nine Hundred and Twenty Five Thousand Dollars ($925,000.00) shall be paid within thirty six (36) months of sentencing in quarterly payments of equal amounts, plus interest, beginning four (4) months from the date of sentencing. The final installment and any balance shall be paid thirty (30) days prior to the expiration of probation. Notwithstanding any other provision of 18 U.S.C. § 3612, Defendant agrees that interest shall start to accrue on any unpaid balance on the day following sentencing and that the provisions regarding collection, interest, and penalties set for in 18 U.S.C. §§ 3572(h), (i), and 3612 shall apply. Payment is to be made in the form of a check payable to "United States District Court Clerk." Payment of the community service amount shall be made payable to the "National Fish and Wildlife Foundation."

e. Probation: Defendant will be placed on organizational probation for a period of three (3) years from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and USSG §§ 8D1.1 and 8D1.2. The terms of probation shall include the following specific provisions, in addition to the Court's standard conditions:

(1) No Further Violations. Defendant agrees that it shall commit no further violations of MARPOL 73/78, federal, state or local law, and shall conduct all its operations in accordance with environmental laws of the United States.

(2) **Payments.** Payment in full of the monetary amounts as set forth herein including all special assessments, fines, quarterly payments, and community service.

(3) **Environmental Compliance Plan.** Defendant agrees to develop, adopt, establish, implement and fund a comprehensive environmental compliance plan, including the remedial measures set forth in the Environmental Compliance Plan ("ECP"), attached hereto as Attachment 2, consistent with sentencing policies set forth in USSG § 8D1.4. As set forth in Attachment 2, the Defendant has agreed to retain the services of an outside independent Third Party Auditor to perform external audits and to fund a Court Appointed Monitor to perform the duties set forth in the ECP and to report to the Court and Office of Probation.

6. **Application of the Plea Agreement.** This Plea Agreement shall bind Defendant and its subsidiaries, including all subsidiaries that technically manage and/or man vessels, including but not limited to Efploia Shipping and all successors-in-interest and assigns. Defendant shall provide to each undersigned prosecuting office with immediate notice of the following: any corporate name changes; any purchase or sale of vessels; any purchase, sale or reorganization of ship management companies; or any other material change impacting upon or affecting this Plea Agreement and the ECP. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter Defendant's responsibilities under this Plea Agreement. Defendant understands and agrees that it shall not engage in any action to seek to avoid the obligations and conditions set forth in this Plea Agreement.

7. **Production and Authentication of Records.** As part of this Plea Agreement, Defendant agrees that upon the government's request it will produce documents relating to the matters covered by the Criminal Information and Joint Factual Statement and provide a records custodian to authenticate documents and business records and to describe company policies and practices.

8. **Statements.** At the time of sentencing the United States and the Defendant will bring to the Court's attention, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

9. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement and solely because of the promises made by Defendant in this Agreement, the government agrees not to criminally prosecute Defendant in the District of Maryland for any environmental offenses related to the *M/V Aquarosa,* that are known to the government at the time of the signing of this Plea Agreement other than those set forth in the Criminal Information. Defendant understands and agrees that neither this paragraph nor this Plea Agreement limits the prosecuting authority of any sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities.

Furthermore, this Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of Defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Plea Agreement applies only to crimes committed by the Defendant and has no effect on any proceedings against any Defendant not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

10. Breach of the Plea Agreement. If the government determines that Defendant has failed to comply with any provision of this Plea Agreement, or has committed any crime within the jurisdiction of the United States during the pendency of this Plea Agreement, the government may, at its sole option, be released from its commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The government will bear the burden of convincing the Court of any alleged breach of this Plea Agreement by a preponderance of the evidence. The government may also pursue all remedies available under the law, irrespective of whether it elects to be released from its commitments under this Plea Agreement. Defendant recognizes that no such breach by it of any obligation under this Plea Agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that should any such breach of this Plea Agreement occur, the government will have the right to use against Defendant before any grand jury, at any trial, hearing or for sentencing purposes, any statements made by its employees and agents, and any information, materials, documents or objects provided by Defendant to the government pursuant to this agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations, pre-indictment delay, or the Speedy Trial Act for ninety (90) days following any breach of the Plea Agreement, except to the extent that such defenses existed as of the date of the signing of this Plea Agreement.

11. Obstruction or Other Violations of Law. Defendant agrees that it will not commit any offense in violation of federal, state, or local law between the date of this Plea Agreement and its sentencing in this case. In the event that Defendant (i) engages in conduct after the date of this Plea Agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for its conduct by failing to acknowledge its guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state, or local law, then the government will be relieved of its obligations to Defendant as reflected in this Plea Agreement. Specifically, the government will be free to argue sentencing guidelines factors other than those stipulated in this Plea Agreement, and it will also be free to make sentencing recommendations other than those set out in this Plea Agreement. As with any alleged breach of this Plea Agreement, the government will bear the burden of convincing the Court of Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. Defendant acknowledges that it may not withdraw its guilty plea because the government is relieved of its obligations under the Plea Agreement pursuant to this paragraph.

12.  **Information For Probation Office.** Defendant agrees that it will provide all information requested by the United States Probation Office in the District of Maryland.

13.  **Withdrawal of Plea Agreement.** Defendant's plea will be tendered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. If a sentencing judge rejects this Plea Agreement, then it shall be null and void at the option of either the government or Defendant. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations, pre-indictment delay, or the Speedy Trial Act for ninety (90) days following any nullification or voiding of the Plea Agreement, except to the extent that such defenses existed as of the date of the signing of this Plea Agreement.

14.  **Corporate Authorization.** Defendant represents that it is authorized to enter into this Plea Agreement and to bind itself and its subsidiaries to the terms of the Environmental Compliance Plan. At the time of signing this Plea Agreement, Defendant shall provide to the United States a written statement in the form of notarized legal documents certifying that Defendant is authorized to enter into and comply with all of the provisions of this Plea Agreement. The resolutions further shall certify that Defendant's Board of Directors has authorized these actions, and that all corporate formalities for such authorizations have been observed.

15.  **Waiver of Appeal.** Defendant, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give a Defendant the right to appeal other aspects of the conviction. In consideration of the Plea Agreement with the United States as set forth herein, Defendant knowingly and voluntarily agrees to waive the following rights:

   a.  The right, conferred by 18 U.S.C. § 3742, to appeal any sentence imposed by the Court for the conviction of these offenses, except if the sentence imposed varies from that agreed upon above under Rule 11(c)(1)(C);

   b.  The right to appeal any aspect of Defendant's conviction, including any pre-charge or pre-trial dispositions of motions or other issues; and

   c.  The right to bring any collateral attack against Defendant's conviction or sentence, except as it may relate to the effectiveness of its legal representation or as permitted under subparagraph (a) above.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts that were dismissed or not charged pursuant to this Plea Agreement.

16.  **Voluntariness of the Plea Agreement.** Defendant, through its authorized representatives, acknowledges that it has entered into this Plea Agreement freely and voluntarily

and that they have been fully advised by counsel, and that no threats or promises were made to induce it to enter the guilty pleas called for by this Plea Agreement.

17. <u>Court Not a Party</u>. Defendant expressly understands that the Court is not a party to this Plea Agreement. Defendant understands that the Court has the authority to accept or reject this plea offer and is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). Defendant agrees that neither the prosecutor nor its counsel can make a binding prediction or promise as to what decision the Court will make, and it further agrees that no one has made such a binding prediction or promise.

18. <u>Completeness of the Plea Agreement</u>. This Plea Agreement is the complete and only agreement between the parties. No promises, agreements or conditions have been entered into other than those set forth in this Plea Agreement. This Plea Agreement supersedes prior understandings, whether written or oral. This Plea Agreement cannot be modified other than in a written memorandum signed by the parties or on the record in court. This Plea Agreement is effective upon signature by Defendant and all of the attorneys for the government.

If your client fully accepts each and every term and condition of this letter, please sign and have a representative of Efploia Shipping sign and return the original, along with the accompanying Joint Factual Statement and Environmental Compliance Program.

Sincerely,

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY
DISTRICT OF MARYLAND

By: _____ _____
P. MICHAEL CUNNINGHAM    Date
Assistant U.S. Attorney

IGNACIA S. MORENO
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT & NATURAL
RESOURCES DIVISION

By: _____ 1/25/12
RICHARD A. UDELL    Date
DAVID O'CONNELL
Trial Attorneys
Environmental Crimes Section
U.S. Department of Justice

As an authorized representative of Defendant Efploia Shipping Co. S.A., I have read this Plea Agreement and carefully discussed every part of it with Efploia Shipping's criminal defense counsel. I understand the terms of this Plea Agreement, including the Environmental Compliance Plan, and I voluntarily agree to those terms. Efploia Shipping's attorneys have advised me of Efploia Shipping's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Plea Agreement. No promises or inducements have been made to Efploia Shipping other than those contained in this Plea Agreement. No one has threatened or forced Efploia Shipping in any way to enter into this Plea Agreement.

_____   Nov. 23, 2011
Authorized Representative    Date
Efploia Shipping Co. S.A.
Defendant

_____   Nov. 28, 2011
       M. LICNOS
Authorized Representative    Date
Efploia Shipping Co. S.A.
Defendant


We are counsel for Efploia Shipping Co. S.A. We have carefully discussed every part of this Plea Agreement with the authorized representatives of Efploia Shipping. Further, we have fully advised the authorized representatives of Efploia Shipping's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Plea Agreement. To our knowledge, the decision of Efploia Shipping to enter into this Plea Agreement is an informed and voluntary one.

_____   December 5, 2011
Gregory F. Linsin              Date
Blank Rome LLP
Washington, D.C.
Counsel for Efploia Shipping Co. S.A.

_____   December 5, 2011
Jeanne M. Grasso               Date
Blank Rome LLP
Washington, D.C.
Counsel for Efploia Shipping Co. S.A.